```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

JESSIE MABIEN, III, # 213897,   :

    Plaintiff,                    :

vs.                             :   CIVIL ACTION 08-00728-CG-B

BOB RILEY, *et al.*,            :

    Defendants.                  :


### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing the Amended Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348-49.

Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  In order to state a claim upon which relief can be granted, there must be "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)).  Determining whether a claim has been stated is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at ___, 129 S.Ct. at 1950.  "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" a claim is facially plausible.  Id. at ___, 129 S.Ct. at 1949.  Plausibility requires more than the possibility that the defendant engaged in unlawful conduct.  Id.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged - but it has not 'show[n]' - 'that the

pleader is entitled to relief.'" Id. at ___, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)(requiring the statement of the claim to show that the pleader is entitled to relief)).  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at ___, 129 S.Ct. at 1949.  In addition, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

A pro se litigant's allegations must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972) (holding that a pro se litigant's allegations are held to a more lenient standard than the those of an attorney).  However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**II. Analysis.**

**A. Amended Complaint. (Doc. 4).**

Plaintiff initiated this action by filing a Complaint alleging violations of 42 U.S.C. § 1983. (Doc. 1).  In an Order dated

January 6, 2009 (Doc. 3), Plaintiff was directed to file a new Complaint because his original Complaint was not on the form required for actions alleging § 1983 violations. In response thereto, Plaintiff filed the instant Amended Complaint. (Doc. 4). In his Amended Complaint, Plaintiff names as Defendants Bob Riley, Governor of Alabama; John Doe, Director of Escambia County Health Department; Richard Allen, Commissioner of the Alabama Department of Corrections; Walter Myers, warden; and Jerry Ferrell, warden. (Id. at 5-6).

As best the Court can discern, Plaintiff's allegations concern the conditions of confinement at J. O. Davis Correctional Facility, the facility in which he is currently incarcerated.[2] (Id. at 9). For the most part, Plaintiff's Amended Complaint contains vague and conclusory allegations. Plaintiff also relies upon legal conclusions instead of presenting facts. These type of loose allegations preclude the Court from drawing a conclusion that Plaintiff's constitutional rights were violated. For instance, Plaintiff alleges as follows:

> The Defendants herein arbitrarily and capriously shows a gross neglegence for the 8th and 14th Amendment to the United States Constitution with an overcrowded, lack of security, health hazard conditions with no change

---

[2] Plaintiff indicates that his expected end-of-sentence date is December 14, 2009. (Doc. 4 at 6). According to Plaintiff, he is serving time for a November 1998, possession of controlled substance conviction for which he received a 15-year sentence. Plaintiff indicates that he began serving this sentence in November of 2000. (Id.).

4

> in site, and to curve the ripple affect of these iminent dangerous conditions, and to avoid liability for these acts in concert against Plaintiff's 8th and 14th Amendment to the United States Constitution and the U.S. Supreme Court's holding in Pugh v. Locke, supra, the Defendant have created a catchhole provision at Fountain/J.O. Davis for which the defendant fail to follow their own standard operation procedure in Admin. Reg. #208 governing professional conduct of a DOC official[.]

(Id. at 4).

Plaintiff's factual allegations are limited. According to Plaintiff, he was written up on October 26, 2008, for a violation with no corroborating evidence, and for the alleged purpose of shielding "the lack of security" (id. at 8), that Defendant Doe failed to inspect the prison "as required by Alabama law section 22-22A-1 to 22-22A-16" (id.). Plaintiff also alleges that Defendants force inmates to incriminate themselves through the use of inaccurate urine tests and then cause $31 to be taken from an inmate's prisoner account if said testing reveals dirty urine test results.(Id.).

With respect to his claims against the individual Defendants, Plaintiff alleges as follows: Defendant Riley "failed to train his staff to uphold the 8th and 14th Amendment to the U.S. Constitution and their oath of office" as "his staff is inflicting cruel and unusual punishment upon the Plaintiff." (Id. at 5); Defendant Doe is alleged to have failed "to uphold his statutory duties under Alabama law to inspect and monitor Fountain/J. O. Davis[.]" (Id.); Defendant Allen "failed to enforce his staff to uphold Admin. Reg.

5

#404, #403, #440 coupled with overcrowding lack of security" and "no merit write ups . . . with dangerous fights." (Id. at 6), and Defendants Myers and Ferrell failed "to uphold their own standard Procedures Admin. Reg. #403, 404 and 440[.]" (Id.). For relief, Plaintiff requests that the Defendants be prosecuted, and that he be awarded $8.3 million in damages for gross negligence.

**B. Discussion.**

Plaintiff's allegations simply do not contain sufficient facts which would permit the Court to draw the conclusion that Plaintiff's constitutional rights have been violated. The limited factual allegations referenced above are not sufficient to show that Plaintiff is entitled to any relief. Moreover, Plaintiff's reliance on terms or phrases such as "overcrowding," "cruel and unusual," "arbitrary and capricious," "without probable cause," "shocks the human conscious," "inhumane conditions," and "overcrowded conditions" is meaningless in the absence of any supporting facts. Likewise, Plaintiff's use of phrases such as "failure to train," "failure to supervise," "failure to enforce," "failure to uphold" and "gross negligence" is also meaningless without any factual allegations. In other words, Plaintiff's naked assertions are not sufficient and do not enable the Court to draw any legal conclusions based on said assertions. See Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. . . . [A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").

Although the Court must accept as true the factual allegations contained in Plaintiff's Amended Complaint, this does not apply to legal conclusions or "a legal conclusion couched as factual allegation."  Id. at ___, 129 S.Ct. at 1949-50.  Plaintiff's limited factual allegations are not sufficient so as to allow this Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged"; thus, the Court cannot find Plaintiff has presented a facially plausible claim.  Id. at ___, 129 S.Ct. at 1949.  Finally, Plaintiff's nebulous allegations do not permit the Court to speculate that a constitutional violation is possible, let alone that a constitutional violation is plausible. Accordingly, the Court finds that the Amended Complaint fails to state a claim upon which relief can be granted.

**IV. Conclusion.**

For the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The attached sheet contains information regarding objections to the Report and Recommendation.

DONE this **4th** day of **November, 2009.**

                                          <u>/s/ SONJA F. BIVINS</u>
                                      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

9

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    **DONE** this the **4th** day of **November, 2009**.

                                     **/s/ Sonja F. Bivins**
                                **UNITED STATES MAGISTRATE JUDGE**